# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SUSAN CAROL CUTCHINEAL,

        Plaintiff,

v.                                            Case No. 8:23-cv-2906-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.
_____

## OPINION AND ORDER[2]

### I.  Status

Susan Carol Cutchineal ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "degenerative bone diseas[e] in back neck," "back bulging disc," "left and right knee[ problems]," and "narrowing spine" that cause "back pain, neck

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

pain, [and] knee pain," as well as "fibromyalgia, and mental health conditions." Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed February 20, 2024, at 51, 169; see Tr. at 60. Plaintiff protectively filed an application for DIB on June 8, 2021, alleging a disability onset date of December 9, 2020. Tr. at 152-53; see also Tr. at 51, 60. The application was denied initially, Tr. at 50, 51-58, 69-72, and upon reconsideration, Tr. at 59, 60-67, 75-78.

On May 25, 2023, an Administrative Law Judge ("ALJ") held a hearing,[3] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 27-49. On July 10, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-21.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel. See Tr. at 4-5 (Appeals Council exhibit list and order), 150-51 (request for review), 268-78 (brief). On November 27, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On December 19, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g)

---

[3] The hearing was held via telephone, with Plaintiff's consent. Tr. at 10, 84-85.

by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges whether the ALJ: 1) "erred in failing to consider or refute the State agency's findings" that Plaintiff was not capable of performing past work; 2) should have included limitations related to Plaintiff's obesity in the residual functional capacity ("RFC"); 3) should have included mental limitations in the RFC after finding Plaintiff mildly limited in three of four broad functional areas; and 4) circumvented the Medical Vocational Rules ("Grids") "given that the record contains evidence suggesting that the RFC should be sedentary rather than light." Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 13; "Pl.'s Mem."), filed March 21, 2024, at 4; see id. at 4, 5, 11, 21 (some capitalization and emphasis omitted). On April 22, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem.") addressing Plaintiff's arguments. Then, on May 3, 2024, Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where the ALJ ended the inquiry based upon his finding at that step. See Tr. at 13-20. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 9, 2020, the alleged onset date." Tr. at 13

---

[4]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

(emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar herniated disc and protrusion with neural foraminal encroachment, but without nerve compromise; cervical spurring and spondylosis without significant stenosis and without nerve compromise; history of fibromyalgia; left shoulder disorder; left knee osteoarthritis, status post arthroscopy; obesity; hypertension." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except she is limited to lifting/carrying 20 pounds occasionally, 10 pounds frequently, standing/walking 6 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday, including normal and customary breaks in an 8-hour workday. [Plaintiff] must avoid climbing ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs. She is limited to occasional balancing, stooping, kneeling, crouching, and crawling. She is limited to frequent bilateral reaching, handling, and fingering, but only occasional overhead reaching. [Plaintiff] is limited to occasional use of foot controls. She must have no concentrated exposure to extreme cold and excessive vibration. She must avoid even moderate use of heavy industrial machinery or exposure to unprotected heights.
>
> Tr. at 14-15 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a food supervisor." Tr. at 20 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from December 9, 2020, through the date of th[e D]ecision." Tr. at 20 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff raises four issues that are addressed in turn.

### A. State Agency Finding Regarding Past Relevant Work

Plaintiff contends the ALJ erred in failing to consider the State agency finding that she is unable to perform her past relevant work. Pl.'s Mem. at 4-5; Reply at 1-2. Responding, Defendant argues that the finding to which Plaintiff points was not a medical opinion that needed to be considered. Def.'s Mem. at 6-7.

Under 20 C.F.R. § 404.1513a(b)(1), an ALJ is required to consider "prior administrative medical findings." Here, Plaintiff points to a statement by the State agency in a reconsideration notice that Plaintiff "is not capable of performing work [she has] done in the past." Tr. at 78. This statement is not a prior administrative medical finding. Plaintiff's argument is unavailing.

### B. Obesity

Plaintiff contends the ALJ erred in failing to adequately consider her obesity pursuant to Social Security Ruling ("SSR") 19-2p. Pl.'s Mem. at 5-11;

- 7 -

Reply at 2-4. Responding, Defendant argues the ALJ properly considered the obesity and sufficiently accounted for it in the RFC. Def.'s Mem. at 7-10.

An ALJ "must consider the limiting effects of obesity when assessing a person's RFC." SSR 19-2p, 2019 WL 2374244, at *4 (SSA 2019). Because "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately," the ALJ is to "consider all work-related physical and mental limitations, whether due to a person's obesity, other impairment(s), or combination of impairments." Id.

Here, the ALJ assigned obesity as a severe impairment, Tr. at 13, and specifically wrote that he had "carefully considered [SSR] 19-2p and provided appropriate limitations [in the RFC] to accommodate [Plaintiff's] obesity," Tr. at 17. On balance, it is apparent from this statement and the assigned RFC that the ALJ adequately took into account the effects of Plaintiff's obesity and limited her work-related functioning accordingly. See Tr. at 14-15 (RFC with various restrictions).

**C. Mild Mental Limitations and RFC**

Plaintiff argues the ALJ erred by finding she had mild limitations in three of the four broad functioning areas and then failing to account for such limitations in the RFC. Pl.'s Mem. at 11-21; Reply at 4-6. Within this argument, Plaintiff contends the ALJ erred in addressing her testimony and related reports about how her mental impairments affect her, and in finding

unpersuasive an opinion by Adrian Koncho, D.O., about her mental functioning. Pl.'s Mem. at 16-19. Responding, Defendant contends the ALJ properly considered Plaintiff's non-severe mental impairments in assessing the RFC. Def.'s Mem. at 10-14.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the

claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a

claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific

evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[5] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-

---

[5] Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

- 12 -

supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[6]

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than

---

[6] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

>   medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ recognized diagnoses of "depression and anxiety" but determined that "singly and in combination, [they] do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore nonsevere." Tr. at 13. Then, the ALJ assessed the broad areas of mental functioning set forth in the Regulations and 20 C.F.R. Part 404, Subpart P, Appendix 1, and found Plaintiff has mild restriction in understanding, remembering, or applying information; no restriction in interacting with others; mild restriction in concentrating, persisting, or

maintaining pace; and mild restriction in adapting or managing oneself. Tr. at 13-14.

Later, when addressing the medical evidence and assessing the RFC, the ALJ recognized treating neurologist Dr. Aung-Din's opinion regarding Plaintiff's mental functioning and found it unpersuasive:

> [H]e opined that [Plaintiff] marked limitation in her ability to perform activities within a schedule and maintain regular attendance and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. There is simply no evidence showing [Plaintiff] has marked mental limitations in these areas, even when considering potential pain. Dr. Aung-Din also indicated [Plaintiff] had moderate limitation in her ability to travel in unfamiliar places or use public transportation. Yet, [Plaintiff] admitted she can drive, and she drove herself to the consultative examinations. Finally, Dr. Aung-Din did not treat [Plaintiff] for mental issues. His treatment notes do not contain mental status examinations to support his opinion regarding moderate or marked mental limitations. Overall, he did not provide a persuasive opinion.

Tr. at 18-19; see Tr. at 495-97 (Dr. Aung-Din's opinion). The reasons provided by the ALJ are accurate and supported by substantial evidence. See, e.g., Tr. at 480 (August 3, 2022 note by Dr. Aung-Din indicating Plaintiff's "Hamilton depression scale is stable"); Tr. at 482-86, 486 (Adrian Kochno, D.O., assigning no limitations in "work-related mental activities involving understanding and memory, sustained concentration and persistence, social interaction and

adaptation" despite Plaintiff crying and being hard to redirect during August 16, 2022 consultative examination); Tr. at 492-94 (September 21, 2022 psychological evaluation by Richard Lee Belsham, Ph.D. with benign mental findings, notation of no psychiatric hospitalizations or treatment, and mental work-related activities of being able to follow instructions, maintain concentration, recall information, adapt, act appropriately with others, and deal with stress); see also Tr. at 503 (Dr. Aung-Din indicating on a different form on November 11, 2022 that "mentally" Plaintiff has "no limitation" in areas of concentration, various matters involving instructions, using judgment, responding to supervisors and coworkers, and dealing with changes, but "physically" she can perform these tasks "less than 1/3 of the workday").[7]

---

[7] Plaintiff also briefly challenges—within the argument on her mental limitations—the ALJ's rejection of Dr. Aung-Din's opinion regarding her physical limitations. Pl.'s Mem. at 18. But, the ALJ adequately explained why the physical limitations were unpersuasive:

> Dr. Aung-Din's opinions . . . are not persuasive as they are not consistent with or supported by the medical record. Although diagnostic imaging showed modest abnormalities, there was no evidence of nerve compression. Further, [Plaintiff] retained the ability to perform activities of daily living such as shopping, driving, performing light household tasks, etc. Notably, [Plaintiff] did not return to Dr. Aung-Din after he prepared these forms. In fact, she did not treat for back or neck pain after November 2022 aside from medication management from her primary care physician.

Tr. at 19 (citations omitted); see Tr. at 498-99, 502-03 (Dr. Aung-Din's physical limitation opinion and duplicate). These reasons cited by the ALJ are supported by substantial evidence.

- 16 -

Regarding Plaintiff's subjective complaints, the ALJ found the "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 15-16. The ALJ's Decision reflects consideration of the relevant factors, Tr. at 16-20, and is supported by substantial evidence.[8]

When assessing the RFC, the ALJ specifically noted consideration of Plaintiff's mental impairments but nevertheless elected not to include mental limitations:

> The undersigned declines to provide mental limitations. As noted above, [Plaintiff] has intact mental skills and has not had inpatient or outpatient treatment from a mental health specialist. At the psychological consultative examination, [Plaintiff's] mental status examination was unremarkable.

Tr. at 18 (citation omitted).

Having made all of these findings particularly regarding Plaintiff's mental symptoms or lack thereof, the ALJ was not obligated to include any mental limitations in the RFC. This case is distinguishable from Schink and

---

[8] Plaintiff contends the ALJ erred because there is no discussion of Plaintiff's husband's report about the nature of her symptoms. Pl.'s Mem. at 19 (citation omitted). But, an ALJ is "not required to articulate how [he or she] considered evidence from nonmedical sources using . . . requirements . . . [that are applicable to medical opinions and prior administrative findings]." 20 C.F.R. § 404.1520c(d); see also 20 C.F.R. § 404.1513(a)(4). On the whole, the ALJ adequately considered the subjective symptoms.

- 17 -

Arce, upon which Plaintiff relies, see Pl.'s Mem. at 15-16, because in those cases, the ALJs made no mention in the RFC discussion of considering Plaintiff's mental impairments. See Schink, 935 F.3d at 1268-70; Arce v. Comm'r of Soc. Sec., 2024 WL 36061, at *2 n.1 (11th Cir. 2024). By contrast, here, the ALJ explicitly considered whether to add any mental limitations and found they were unwarranted. See Prude v. Comm'r, Soc. Sec. Admin., No. 23-14198, 2024 WL 5103664, at *4 (11th Cir. 2024) (distinguishing Schink and Arce). This conclusion is supported by substantial evidence.

### D. Circumventing Grid Rules

Plaintiff argues the ALJ erred in circumventing the Grid rules, which according to Plaintiff, would result in a finding of disability. Pl.'s Mem. at 21-24. Plaintiff recognizes that for the rule she cites to apply, she would have to be limited to sedentary work and would have to be incapable of performing past relevant work. Id. at 22 (citing 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.14). Neither situation applies here, and the ALJ's findings are supported by substantial evidence.

### V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 26, 2025.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record